Filed 12/14/22  P. v. Vessels CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094275 |
| v. | (Super. Ct. No. 20CR15632) |
| JAMES RANDALL VESSELS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Randall Vessels asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We asked the parties to provide supplemental briefing on the following:  (1) whether defendant is entitled to relief under recent changes in sentencing law, such as Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), and, if so, the appropriate remedy given that he entered

1

into an open plea agreement in 2019; and (2) whether this court should address the absence of Penal Code section 1202.45[1] revocation fines in 2019 and 2021.

Having reviewed the supplemental briefing and the record as required by *Wende*, we will remand the matter for resentencing to allow the trial court to exercise its new sentencing discretion based on applicable changes in the law, including Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81). Section 1202.45 revocation fines can be addressed at resentencing. Finding no other arguable error that would result in a disposition more favorable to defendant, we will otherwise affirm the judgment.

I

In 2019, defendant pleaded guilty to multiple charges as part of an open plea. The trial court sentenced defendant to county jail for an aggregate term of eight years as follows: in case No. 18NCR12790 (2790), the upper term of three years for identity theft (§§ 530.5, subd. (c)(3)) plus two years consecutive for an on-bail enhancement (§ 12022.1); in case No. 18NCR13501 (3501), eight months consecutive for possessing drugs in jail (§ 4573.8); in case No. 18NCR13351 (3351), eight months consecutive for vandalism (§ 594, subd. (a)); in case No. 18NCR12665 (2665), eight months consecutive for failing to appear after release (§ 1320, subd. (b)); and in case No. 17NCR11885 (1885), one year consecutive for transporting a controlled substance for sale (Health & Saf. Code, § 11379, subd. (a)). The trial court did not explain why it imposed the upper term in case No. 2790. Pursuant to section 1170, subdivision (h), the trial court ordered a split sentence, with the last four years of the sentence suspended and defendant placed on mandatory supervision. The trial court awarded the following presentence credit:

---

[1] Undesignated statutory references are to the Penal Code.

2

569 days total in case No. 2790, three days total in case No. 2665, and 21 days total in case No. 1885.

The trial court ordered defendant to pay a $300 restitution fine in each case under section 1202.4; it did not order a corresponding $300 mandatory supervision revocation fine under section 1202.45, subdivisions (b) and (c).

In 2020, the People charged defendant in case No. 20CR15632 (5632) with four counts of identity theft (§ 530.5, subd. (a)) and conspiracy to cheat or defraud a company (§ 182, subd. (a)(4)).  In February 2021, defendant admitted violating mandatory supervision in case Nos. 2790, 3501, 3351, 2665, and 1885, and the trial court revoked mandatory supervision.  Later that month, in case No. 5632, defendant pleaded guilty to one count of identity theft.  (§ 530.5, subd. (a).)  All remaining charges and allegations in the case were dismissed.  The parties agreed defendant would be sentenced to eight months, consecutive to the sentences in the five earlier cases.

In March 2021, the trial court sentenced defendant to county jail for eight months consecutive in case No. 5632 and ordered defendant to serve the remainder of his sentence for the five earlier cases (totaling 974 days) in county jail.  (§ 1170, subd. (h).)  In case No. 5632, the trial court ordered defendant to pay a $300 restitution fine but did not order a corresponding revocation fine.  (§§ 1202.4, 1202.45.)  The trial court assigned defendant's presentence custody credit to the five earlier cases and did not award presentence credit in case No. 5632.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

We asked the parties to provide supplemental briefing, and the parties provided such briefing. We address the briefed issues in turn.

A

Senate Bill 567 altered the statutory scheme for selecting between triad terms under section 1170, subdivision (b). (Stats. 2021, ch. 731, §§ 1.3, 2.) In light of these changes, and consistent with the agreement of the parties in supplemental briefing that the changes apply retroactively to defendant's nonfinal judgment (see, e.g., *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109; *People v. Conaster* (2020) 53 Cal.App.5th 1223, 1229), we will remand the matter to allow the trial court to exercise its new sentencing discretion.

In addition, section 1385 was amended by Senate Bill 81 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.) Since these new requirements apply to any sentence imposed after January 1, 2022 (§ 1385, subd. (c)(7)), we agree with the parties that the trial court must apply applicable changes in the law when resentencing defendant.

B

When a court imposes a restitution fine under section 1202.4, it is generally also required to impose a corresponding revocation fine in the same amount as the restitution fine. (§ 1202.45, subds. (a)-(b); *People v. Smith* (2001) 24 Cal.4th 849, 853.) Defendant acknowledges that, under *Smith*, the omission of the section 1202.45 fine in 2021 should be addressed.

With respect to the 2019 cases, defendant argues that imposing revocation fines would violate the ex post facto clause because the trial court revoked mandatory supervision in the 2019 cases, citing *People v. Callejas* (2000) 85 Cal.App.4th 667 in support. He argues imposing the fines would subject him to harsher punishment. (*Id.* at p. 670.)

4

"A statute violates the ex post facto clause when, on its face or as applied, it retroactively ' "increase[s] the punishment for criminal acts.' " Thus the prohibition on ex post facto laws prevents the government from changing the punishment for a criminal act after the act has been performed." (*People v. Callejas, supra*, 85 Cal.App.4th at p. 670, fns. omitted.) Unlike the defendant in *Callejas*, here defendant committed the crimes underlying his 2019 convictions many years after section 1202.45 was enacted. Because the section 1202.45 revocation fines relate to the 2019 convictions, the revocation fines would not violate the ex post facto clause.

In any event, because we will remand the matter, proper application of the revocation fines can be addressed at resentencing.

Having undertaken an examination of the entire record, we have found no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The sentence is vacated and the matter remanded with directions to resentence defendant in a manner consistent with current law. The judgment is otherwise affirmed.


                                         /S/
                                  MAURO, J.



We concur:



    /S/
ROBIE, Acting P. J.



    /S/
RENNER, J.


5